**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **GERALD INNOCENT,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-16-1132 |
| **THE BANK OF NEW YORK MELLON,** *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Gerald Innocent, who is proceeding *pro se*, previously filed suit against The Bank of New York Mellon, as Trustee for CIT mortgage Loan Trust 2007-1, by Caliber Home Loans, Inc., Vericrest Financial Inc. (the "Bank") and attorneys McCabe Weisberg & Conway on April 2, 2015. ECF No. 1 in PWG-15-951 ("*Innocent I*"). On February 2, 2016, I granted the Bank's Motion to Dismiss and dismissed the claims against the Bank; and I dismissed *sua sponte* the claims against Defendant McCabe Weisberg & Conway. Mem. Op. & Order, ECF No. 13 in *Innocent I*. Yet I also afforded Innocent leave to amend his complaint with regard to his Counts 4, 7, and 8 and his § 1985 claim in Count 2 by February 22, 2016 to specify exactly how Defendants' conduct is actionable and to address the deficiencies identified in my February 2, 2016 Memorandum Opinion. *Id.* When Innocent failed to amend, instead filing a "Motion in Opposition of the Courts Memorandum and Opinion and Order," ECF No. 14 in *Innocent I*, I denied his motion because he had failed to demonstrate grounds for reconsideration, and I dismissed his Complaint in its entirety with prejudice for the reasons explained in the February 2, 2016 Memorandum Opinion and Order on April 4, 2016. ECF No. 16 in *Innocent I*.

Less than two weeks later, on April 15, 2016, Innocent filed a Complaint in the matter currently before the Court. ECF No. 1. The sections of the Complaint labeled "Jurisdiction," "Counts and Charges," "Facts" and "Damages" are almost identical to the Complaint in *Innocent I*. The "Cause of Action" section presents the same allegations as those in *Innocent I*. The only substantive change is the addition of Sheriff Melvin C. High as a defendant and three sentences pertaining to Sheriff High:

> Wherefore a Sheriff sale scheduled is fraudulent, and a participation of denial of due process to Petitioner. The Sheriff Dept is responsible for the Sheriff's sale and Scheduling of the subject property. Giving Sheriff Melvin C. High the responsibility to stay, void, or process the sale.

Compl. 4–5.

*Res judicata* "'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted)). This Court may dismiss an action *sua sponte* under the doctrine of *res judicata* if it "is on notice that the issues presented in a suit have been previously decided . . . ." *Roberts v. Thrasher*, No. ELH-15-1906, 2015 WL 4485477, at *2 (D. Md. July 20, 2015) (quoting *Arizona v. California,* 530 U.S. 392, 413 (2000) (citation and citation marks omitted)). Further, "'a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact.'" *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000)). Through this authority, the Court can protect "'the important judicial interest in avoiding resolution of an issue that the court has

already decided.'" *Roberts*, 2015 WL 4485477, at *2 (quoting *Eriline Co. S.A. v. Johnson,* 440 F.3d 648, 655 (4th Cir. 2006)).

*Res judicata* provides grounds for dismissal if there was "'(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action.'" *Ohio Valley Envtl. Coal.*, 556 F.3d at 210 (quoting *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)).  Even if the plaintiff's legal theory differed in the earlier dispute, *res judicata* still may bar the current action, provided that "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'"  *Id.* (quoting *Aliff*, 914 F.2d at 42).  Significantly, "'a plaintiff cannot avoid the bar of *res judicata* by bringing in additional [defendants].'"  *Rout v. First Sav. Mortgage Corp.*, No. RWT-11-505, 2011 WL 3820523, at *2 (D. Md. Aug. 26, 2011) (quoting *Csabai v. Martek Biosciences Corp.,* CIV. CCB–11–316, 2011 WL 1831777, at *3 (D. Md. May 12, 2011) (internal quotation marks and citations omitted) (emendation in *Csabai*); *Hodge v. Calvert Cnty.*, No. PJM-09-2252, 2009 WL 2884928, at *3 n.4 (D. Md. Sept. 4, 2009) ("Plaintiffs cannot avoid the bar of *res judicata* simply by adding new defendants to the second suit."), *aff'd*, 379 F. App'x 298 (4th Cir. 2010); *Bond v. Blum*, No. JFM-07-1385, 2007 WL 5921363, at *2 (D. Md. June 25, 2007), *aff'd*, 294 F. App'x 70 (4th Cir. 2008).

Here, as noted, *Innocent I* was dismissed with prejudice, and "'[i]t is well established that dismissals with prejudice . . . are treated as final judgments on the merits for purposes of *res judicata*.'"  *Chevez v. Steel Prods., Inc.*, No. PWG-13-2457, 2014 WL 587166, at *2 (D. Md. Feb. 13, 2014) (quoting *Jacobs v. Venali,* 596 F. Supp. 2d 906, 914 (D. Md. 2009)).  The parties are the same, with the exception of one new defendant, and that is not enough to circumvent the bar of *res judicata*.  *See Rout*, 2011 WL 3820523, at *2; *Csabai*, 2011 WL 1831777, at *3;

*Hodge*, 2009 WL 2884928, at *3 n.4; *Bond*, 2007 WL 5921363, at *2.  Additionally, Innocent brings the same causes of action in both suits.  Thus, all elements of *res judicata* are present, and Innocent's Complaint is subject to dismissal.  *See Aliff*, 914 F.2d at 42; *Ohio Valley Envtl. Coal.*, 556 F.3d at 210.

Accordingly, it is, this 25th day of April, 2016, hereby ORDERED that

1. Innocent's Complaint IS DISMISSED;

2. The Clerk SHALL MAIL a copy of the Memorandum and Order to Innocent; and

3. The Clerk SHALL CLOSE this case.

                      /S/
        Paul W. Grimm
        United States District Judge

lyb